UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMESON LAND COMPANY, LLC,

      Plaintiff,

vs.                                                                    Case No: 8:15-cv-409-T-27EAJ

MOSAIC FERTILIZER, LLC,

      Defendant.
_____/

## ORDER

Before the Court is Defendant Mosaic Fertilizer, LLC's ("Defendant's") **Motion for an Order Compelling Production** (Dkt. 29) and Plaintiff Jameson Land Company, LLC's ("Plaintiff's") **Response to Defendant, Mosaic Fertilizer's Motion for an Order Compelling Production** (Dkt. 31).

Plaintiff brings this action against Defendant regarding eight parcels of real property ("the Property") located in Hillsborough and Polk Counties, Florida that Plaintiff purchased in December 2010. (Dkt. 24 ¶¶ 10-11, 22)  Defendant previously leased the Property for mining and related purposes. (Id. ¶ 13)  Alleging Defendant caused it damages from wrongful acts on the Property, Plaintiff brings claims of strict liability, negligence, violations of Fla. Stat. § 376.313, trespass, private nuisance, breach of contract, contractual indemnification, slander of title, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). (Id. at 21-32) Defendant asserts that Plaintiff purchased the property for $1 million. (Dkt 29 Ex. 4)  Plaintiff seeks damages, estimated to be between $72.2 million and $137.4 million, for: future remediation; future monitoring; loss of real estate sales; loss of use; and diminution in value. (Dkt. 29 Ex. 3)

On, November 23, 2015, Defendant served on Plaintiff an Initial Request for Production of

Documents, which seeks, among other items, "All tax returns of Plaintiff which contain information concerning the Property." (Dkt. 29 Ex. 1 at 7)  Plaintiff responded to the discovery request on January 8, 2016, contending, "Plaintiff objects to this Request on the grounds that it seeks documents that are not relevant to either party's claims or defenses, and is not otherwise discoverable under Fed. R. Civ. P. 26(b)." (Dkt. 29 Ex. 2 at 2-3)  Defendant seeks to compel a response to this discovery request, contending that the tax returns are relevant and discoverable as they "are essential to evaluating the extreme discrepancy between the amount [Plaintiff] paid for the Property and the amount it claims to have incurred in damages." (Dkt. 29 at 3)

Plaintiff responds that the damages it seeks would not be reflected on any of its tax returns as the events leading to the damages have not yet occurred, thereby making the tax returns irrelevant and not discoverable. (Dkt. 31 ¶ 4)  Plaintiff adds:

> With respect to Jameson's damages stemming from its remediation and monitoring efforts, these events have not yet occurred (but are certain to arise in the future) and thus would not be reflected on any of [its] tax returns.  Likewise, Jameson's damages relating to lost sales and loss of use arise out of its inability to sell, lease or develop the subject property due to the Defendant's wrongful actions.  Common sense dictates that because Jameson cannot sell, lease or develop the subject Property based upon Mosaic's conduct, there would not be any transactions reflecting the same on its tax returns.

(Id.)

### Legal Standard

A party is entitled to discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).[1]  When a party fails to respond or objects to a discovery request, the serving

party may request an order compelling disclosure after making a good faith effort to resolve the

contested issue. Fed. R. Civ. P. 37(a).  "The party resisting production of information bears the

burden of establishing lack of relevancy or undue burden in supplying the requested information."

Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000).

### Discussion

While some courts require a showing of "compelling need" before tax documents can be

obtained in discovery, the Eleventh Circuit has indicated that a requesting party need only establish

relevancy to justify a request for tax documents. See Maddow v. Procter & Gamble Co., 107 F.3d

846, 853 (11th Cir. 1997) (upholding district court's order compelling production of tax records

where the information was relevant); see also United States v. Certain Real Prop. known as &

Located at 6469 Polo Pointe Way, Delray Beach, Fla., 444 F. Supp. 2d 1258, 1262-63 (S.D. Fla.

2006); Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 198 (M.D. Fla. 1990).

Plaintiff has failed to meet its burden in showing that the documents lack relevance.  Plaintiff

seeks damages between $72.2 million and $137.4 million relating to the Property, and.  Defendant

seeks Plaintiff's tax returns only as they relate to the Property.  As Plaintiff purchased the Property

in 2010, there are a limited number of years for which Plaintiff would have to produce tax returns.

To the extent Plaintiff has suffered damages already, it is reasonable that any damages incurred since

Plaintiff purchased the Property would be reflected in the tax returns.  Furthermore, any profits that

Plaintiff has earned from the Property would be relevant to the calculation of damages.

Due to the confidential nature of at least some of the information that may be contained in

---

[1] Rule 26, Fed. R. Civ. P., was amended, effective December 1, 2015.

Plaintiff's tax returns, the parties may wish to enter into a confidentiality agreement governing disclosure of this discovery.  Accordingly, Defendant's motion is granted.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)     Defendant's Motion for an Order Compelling Production (Dkt. 29) is **GRANTED**; and

(2)     Within thirty (30) days of this order, Plaintiff shall produce the relevant portions of its tax returns as they relate to the property at issue in this case.

**DONE and ORDERED** in Tampa, Florida on this 4th of March, 2015.


ELIZABETH A JENKINS
United States Magistrate Judge