**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMESON LAND COMPANY, LLC,

    Plaintiff,

vs.                                  Case No. 8:15-cv-00409-JDW-EAJ

MOSAIC FERTILIZER, LLC,

    Defendant.
_____/

## CONFIDENTIALITY AGREEMENT

The parties agree to the following terms and conditions governing the designation and use of confidential documents, materials, and information exchanged in this action.

1.     **Information subject to confidential treatment**.  A party producing documents or testimony (the "Designating Party") requested by another party in this action (the "Requesting Party") may designate any information the Designating Party believes, in good faith, constitutes, contains, reveals or reflects trade secret or confidential business information as "Confidential Information."

2.     **Limited use of Confidential Information**.  Confidential Information of a financial nature or any information derived from it shall be used *only* for the purpose of prosecuting Plaintiff's claim for punitive damages in this action.  All other Confidential Information or any information derived from it shall be used *only* for purposes of litigating this action.  In no instance shall Confidential Information, regardless of its nature, be used for any purpose other than expressly permitted by this agreement, including for any business or commercial purpose or in any other litigation.



EXHIBIT A

3. **Limited disclosure of Confidential Information**. Confidential Information may only be disclosed to the following persons, but only to the extent necessary to prosecute this action as expressly limited in section 2:

    a.     outside counsel representing parties in this action, and employees of such counsel, but only to the extent reasonably necessary to perform their duties;

    b.     experts retained by outside counsel in this action, but only to the extent reasonably necessary to prosecute this action as expressly limited in section 2 and only to the extent reasonably necessary to assist outside counsel;

    c.     the parties and their respective current and former officers, directors, agents and employees, but only to the extent reasonably necessary to prosecute this action as expressly limited in section 2 and only to the extent reasonably necessary to assist outside counsel;

    d.     the Court and its staff;

    e.     deponents and witnesses as reasonably necessary in the litigation of this action;

    f.     court reporters employed in connection with any properly scheduled deposition in this action;

    g.     any person who prepared the Confidential Information or who is designated by Mosaic to testify concerning that information; and

**EXHIBIT A**

  h. any other person to whom the parties agree in writing, provided that *prior* to the disclosure of Confidential Information, the intended recipient shall assent to this agreement in writing.

4. **Methods of designating Confidential Information**. The Designating Party shall designate Confidential Information in the following manner:

  a. Documents or other materials shall be designated by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multipage documents bound together by staple or other permanent binding, "Confidential" need only be affixed on the first page of the document in order for the entire document to be treated as Confidential Information. The failure to designate a document as "Confidential," however, shall not constitute a waiver of such claim and a Designating Party may designate a document after such document has been produced, with the same effect as though it were originally designated as such.

  b. Deposition or other pretrial testimony shall be designated by (a) providing a statement on the record, by counsel, at the time of each such disclosure or (ii) by providing written notice to all parties specifying the portions of the deposition testimony the Designating Party considers "Confidential" within 14 days after receiving a copy of the transcript. Only those portions of the transcripts designated as "Confidential" shall be treated Confidential Information. The Parties may modify this procedure for any

**EXHIBIT A**

particular deposition, through agreement on the record at such deposition or in writing following the deposition, without further order of the Court.

5. **No admissions or waiver of rights**.  Entry into this agreement shall not:

a. prejudice in any way the rights of a party to object to the production of Confidential Information they consider not subject to discovery, or operate as an admission by a party that the restrictions and procedures set forth in this agreement constitute adequate protection for any specific Confidential Information;

b. prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Information should be subject to the terms of this agreement or to petition the Court for a protective order relating to any Confidential Information;

c. prejudice in any way the rights of a party to seek modification of this agreement for good cause; or

d. prejudice in any way the rights of a party to object to the authenticity or admissibility into evidence of any Confidential Information; or

6. **Maximum protection**.  This agreement is intended to provide parties the maximum protection permitted under the law and the parties agree to jointly seek entry of this agreement by the Court.

7. **Federal Rule of Evidence 502(d)**.  A party's inadvertent disclosure shall not constitute a waiver by that party of any applicable privilege or protection so long as the disclosing party makes timely and reasonable measures to rectify the inadvertent disclosure.

4

**EXHIBIT A**

Reasonable measures to rectify an inadvertent disclosure include the parties following the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

8. **Dispute resolution**.  A party objecting to the designation of any Confidential Information may, after making a good faith effort to resolve any such objection, move for an order vacating the designation.  The Designating Party bears the burden of establishing the privilege or protection of all such challenged documents.

9. **Protection against non-party requests for Confidential Information**.  If a person, who is not a party to this agreement, requests a Requesting Party to disclose Confidential Information, the Requesting Party shall provide written notice, together with a copy of any subpoena or request, by email, overnight, or hand delivery within 72 hours (or earlier if practicable) of receiving of such subpoena or request to the Designating Party.  The Requesting Party shall object to the production based on the existence of this agreement.  Should the person seeking access to the Confidential Information take action against the Requesting Party or anyone else subject to this agreement to enforce such subpoena or request, the Requesting Party shall respond by setting forth the existence of this agreement.

10. **Term of agreement**.  This agreement shall, absent written permission of the Designating Party or order of the Court, be binding through and after the conclusion of this action, including any appeals.  Within 45 days of receiving notice of the entry of an order, judgment, or decree finally disposing of this action, all persons having received Confidential Information shall make a good faith effort to (a) return all Confidential Information and all copies (including summaries and excerpts) to counsel for the party that produced it, or (b) destroy all such Confidential Information, including any copies, and certify their destruction.

**EXHIBIT A**

11. **Copies as originals**. Copies of this agreement shall constitute originals for all purposes.

Dated: August 4, 2016

| | |
|---|---|
| */s/ Jonathan B. Sbar* | */s/ David B. Weinstein* |
| Robert L. Rocke | David B. Weinstein |
| Florida Bar No. 710342 | Florida Bar No. 604410 |
| Jonathan B. Sbar | Ryan Hopper |
| Florida Bar No. 131016 | Florida Bar No. 0107347 |
| Raul Valles, Jr. | **GREENBERG TRAURIG, P.A.** |
| Florida Bar No. 148105 | 101 East Kennedy Blvd., Suite 1900 |
| **ROCKE, MCLEAN & SBAR, P.A.** | Tampa, Florida 33602 |
| 2309 S. MacDill Avenue | Phone: 813-318-5700 |
| Tampa, Florida 33629 | Fax: 813-318-5900 |
| Email: rrocke@rmslegal.com | Email: weinsteind@gtlaw.com |
|         rvalles@rmslegal.com |         hopperr@gtlaw.com |
|         jsbar@rmslegal.com |         dunnla@gtlaw.com |
|         lkrohne@rmslegal.com |         FLService@gtlaw.com |
|         mlamoureaux@rmslegal.com | |

*Counsel for Plaintiff, Jameson Land Company, LLC*

And

I. William Spivey, II, Esquire
Florida Bar No. 0701076
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Phone: 407-420-1000
Fax: 407-420-5909
Email: spiveyw@gtlaw.com

*Counsel for Defendant, Mosaic Fertilizer, LLC*

EXHIBIT A