# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMESON LAND COMPANY, LLC,**

     **Plaintiff,**

**v.**

                                         **Case No: 8:15-cv-409-T-27AAS**

**MOSAIC FERTILIZER, LLC,**

     **Defendant.**

_____/

## ORDER

     **BEFORE THE COURT** is the Joint Motion to Enter Confidentiality Agreement (Dkt. 42). Upon consideration, the motion is **DENIED** *without prejudice*.

     Although "umbrella" protective orders are regularly agreed to by the parties and often issued to encourage efficient discovery, good cause must be demonstrated and the terms of the protective order should be drafted with precision. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356, 357 (11th Cir. 1987). Paragraphs 5(b) and 8 of the proposed confidentiality agreement unnecessarily involve the Court in disagreements about confidentiality designations. Judicial review of challenged designations should be limited to "those matters relevant to the legal issues raised." *Alexander Grant,* 820 F.2d at 356–57.[1]

     **DONE AND ORDERED** this ___15th___ day of August, 2016.

                                       **JAMES D. WHITTEMORE**
                                       **United States District Judge**

Copies to: Counsel of Record

---

[1] As explained in *Alexander Grant*:

The order issued in this case, as in others, is designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised.

*In re Alexander Grant & Co. Litig.*, 820 F.2d at 356–357.