UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMESON LAND COMPANY, LLC,

    Plaintiff,

vs.

Case No.: 8:15-cv-00409-JDW-EAJ

MOSAIC FERTILIZER, LLC,

    Defendant.
_____/

## PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Jameson Land Company, LLC ("Jameson"), by and through its undersigned attorneys, serves its amended responses and objections to Defendant's Initial Request for Production of Documents and states as follows:

### GENERAL OBJECTIONS AND LIMITATIONS

1. Jameson objects to the Document Requests to the extent it calls for production of documents that contain information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, the husband-wife privilege or any other legally recognized privilege, immunity, or exemption from discovery. To the extent that any document containing such protected information is inadvertently produced in response to the Document Requests, the production of such document shall not constitute a waiver of Jameson's right to assert the applicability of any privilege or immunity to the document, and any such document and all copies and images thereof shall be returned to Jameson upon demand.

2. No objection made herein, or lack thereto, shall be deemed an admission by Jameson to the existence or non-existence of any documents. No statement that Jameson shall

produce requested documents shall be deemed a representation that such documents exist, but rather is a statement that Jameson will undertake to produce such documents to the extent they exist and are in their possession, custody, and control, if any,.

3. Jameson objects to the instructions and definitions to the extent they impose requirements beyond those required by the applicable rules.

4. The foregoing General Objections and Limitations are incorporated by reference into each of the Responses to the following numbered Requests whether or not specific objections are made below to a Request.

## REQUESTS

1. All documents reflecting or confirming the membership and ownership structure of Plaintiff, including any documents identifying or describing the members of Plaintiff, their respective members or partners, and their managers.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

2. All organizational charts and other similar documents reflecting or confirming the relationship between Plaintiff and (a) Land South Group, and/or (b) the different entities comprising Land South Group.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

3. All operating agreements, management agreements, partnership agreements, or other similar documents relating to Plaintiff.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

4. All tax returns of Plaintiff which contain information concerning the Property.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks documents that are not relevant to either party's claims or defenses, and is not otherwise discoverable under Fed. R. Civ. P. 26(b).

5. All employee lists, company directories, and other similar documents identifying (a) all current, and (b) all former employees of Plaintiff.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

6. All business or occupational licenses held by Plaintiff.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

7. All documents relating to the Property – including all marketing, sales or promotional materials; still and video photography; sketches, drawings, and depictions; topographical and other maps; surveys; title reports, commitments, and policies; valuations and appraisals; financial data and analysis; land use or zoning information; tax records; data, analysis, surveys, assessments, reports, and other environmentally-related information – received, sent, commissioned, ordered, reviewed, relied on, or considered by Plaintiff prior to acquiring the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

8. All documents relating to the Property – including all marketing, sales or promotional materials; still and video photography; sketches, drawings, and depictions; topographical and other maps; surveys; title reports, commitments, and policies; valuations and appraisals; financial data and analysis; land use or zoning information; tax records; data, analysis, surveys, assessments, reports, and other environmentally-related information –

received, sent, commissioned, ordered, reviewed, relied on, or considered by Plaintiff subsequent to acquiring the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

9. All documents evidencing or otherwise relating to any visits to, or inspections of, the Property – including by foot, horseback, motor vehicle, helicopter or other aircraft – by Plaintiff, any consultant of Plaintiff, or anyone else acting on Plaintiffs behalf, prior to Plaintiff acquiring the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

10. All documents evidencing or otherwise relating to any investigations, analyses, or due diligence concerning the Property ordered, commissioned, undertaken, completed, received, or reviewed, prior to Plaintiff acquiring the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

11. All letters, memoranda, emails and other documents sent, received, or otherwise exchanged, directly or indirectly (e.g., through a third party), between Plaintiff and the Seller relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

12. All calendar entries, visitor logs, sign-in sheets, memoranda, and other documents that evidence or relate to meetings or other communications between Plaintiff and the Seller concerning the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

13. All letters, memoranda, emails, and other documents sent, received, or otherwise exchanged, directly or indirectly (e.g., through a third party), between Plaintiff and any (a) real estate agent or broker; (b) professional geologist, professional engineer, environmental consultant, or other environmental service provider; (c) surveyor, appraiser, planner, consultant, or other real estate service provider; or (d) title insurance agent, underwriter, or company; relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

14. All calendar entries, visitor logs, sign-in sheets, memoranda, and other documents that evidence or relate to meetings or other communications between Plaintiff and any (a) real estate agent or broker; (b) professional geologist, professional engineer, environmental consultant, or other environmental service provider; (c) surveyor, appraiser, planner, consultant, or other real estate service provider; or (d) title insurance agent, underwriter, or company; which relate to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

15. All letters, memoranda, emails and other documents sent, received, or otherwise exchanged, directly or indirectly (e.g., through a third party), between Plaintiff and (a) FGT; or (b) TECO; relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

16. All calendar entries, visitor logs, sign-in sheets, memoranda, and other documents that evidence or relate to meetings or other communications between Plaintiff and (a) FGT; or (b) TECO; relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

17. All letters, memoranda, emails, and other documents sent, received, or otherwise exchanged, directly or indirectly (e.g., through a third party), between Plaintiff and any previous owner of the Property, including, without limitation, the Greg & Nancy Vance Family Limited Partnership, Nirvana Minerals, LP, and John B. Pickford.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

18. All calendar entries, visitor logs, sign-in sheets, memoranda, and other documents that evidence or relate to meetings or other communications between Plaintiff and any previous owner of the Property, including, without limitation, the Greg & Nancy Vance Family Limited Partnership, Nirvana Minerals, LP, and John B. Pickford; relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

19. All loan applications and supporting documentation submitted by you to any proposed lender in connection with any financing relating to or involving the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

20. All documents reflecting any communications between you and any proposed lender concerning the history, status, value, or intended use of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

21. The entire closing file relating to your purchase of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

22. The entire loan closing file relating to the financing of your acquisition of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

23. All title reports, surveys, appraisals, zoning reports, tax records, inspection reports, environmental reports and documents, photographs, videos, and other documents regarding the Property created at any time after you acquired the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

24. All documents relating to your intended, proposed, or actual, development, use, or disposition of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

25. All letters or memoranda of understanding or intent, term sheets, contracts, agreements, or other transaction-related documents you or anyone on your behalf has discussed, negotiated, created, sent, received, or executed concerning the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

26. All documents reflecting any efforts you have made, directly or indirectly (e.g., through a third party), to advertise, market, sell, or lease the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

27. All documents reflecting any efforts you have made, directly or indirectly (e. g., through a third party), to refinance the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

28. All documents reflecting any efforts you have made, directly or indirectly (e.g., through a third party), to develop, improve, or otherwise change the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

29. All documents relating to the 1964 Mining Lease, including any extensions, addenda, or amendments to the 1964 Mining Lease.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

30. All documents relating to the 1965 Mining Lease, including any extensions, addenda, or amendments to the 1965 Mining Lease.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

31. All documents relating to the January 2013 Letter.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

32. All documents relating to any proposed or intended sales of the Property lost, disrupted, or otherwise impacted by the January 2013 Letter.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

33. All documents relating to the 8.21% interest in phosphate that was conveyed to First National Bank of Florida Trust No. 2021004 in 1983, as identified in the January 2013 Letter.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

34. All documents relating to the formation of HPH Properties, LLC.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks documents that are not relevant to either party's claims or defenses, and is not otherwise discoverable under Fed. R. Civ. P. 26(b).

35. All documents relating to the following instruments dated March 29, 2013, executed by the Greg & Nancy Vance Family Partnership and Nirvana Minerals, LP, in favor of HPH Properties, LLC:

    a. the Deed recorded on page 1534 of book 8941 of the public records of Polk County, Florida;

    b. the Assignment of Minerals and Other Interests recorded on page 1548 of book 8941 of the public records of Polk County, Florida;

    c. the Deed recorded on page 1404 of book 21837 of the public records of Hillsborough County, Florida; and

    d. the Assignment of Minerals and Other Interests recorded on page 1362 of book 21837 of the public records of Hillsborough County, Florida.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks documents that are not relevant to either party's claims or defenses, and is not otherwise discoverable under Fed. R. Civ. P. 26(b).

36. All documents relating to the 1991 Easement.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

37. All documents relating to the 1997 Easement.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

38. All documents relating to the 2000 Basement.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

39. All documents reflecting the first time you became aware of alleged environmental contamination of the New Wales Tract, including all documents reflecting any of Plaintiff's communications internally or with any third parties – including environmental service providers – concerning such alleged contamination.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

40. All documents reflecting all efforts made by you to identify, assess, delineate, contain, or remediate alleged environmental contamination of the New Wales Tract, or to mitigate the effects of such alleged contamination.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

41. All documents reflecting the effect of alleged environmental contamination on the value of the New Wales Tract.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

42. All documents reflecting the effect of alleged environmental contamination on your intended use, development, or disposition of the New Wales Tract.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

43. All documents reflecting any communications with governmental authorities, including local governments or commissions and state or federal regulatory agencies, regarding environmental contamination of the New Wales Tract.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

44. All documents reflecting the effect of alleged untimely or improper reclamation on the value of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

45. All documents reflecting the effect of alleged untimely or improper reclamation on your intended use, development, or disposition of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

46. All documents reflecting any communications with governmental authorities, including local governments or commissions and state or federal regulatory agencies, relating to the reclamation of the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

47. All documents concerning reclamation of the Property – including alleged effects of untimely or improper reclamation – not produced in response to any other paragraph of this discovery request.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

48. All documents reflecting any instances in which Plaintiff or any person acting at your request or with your authorization has entered the New Wales Tract or performed any activities there.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks documents that are not relevant to either party's claims or defenses, and is not otherwise discoverable under Fed. R. Civ. P. 26(b).

49. All documents reflecting any instances in which any person has entered the Property on behalf of Mosaic.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

50. All documents reflecting any cattle or agricultural leases relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

51. All documents reflecting any conservation easements relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

52. All letters, memoranda, emails and other documents sent, received, or otherwise exchanged, directly or indirectly (e.g., through a third party), between Plaintiff and any employee, agent, or representative of Mosaic relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

53. All calendar entries, visitor logs, sign-in sheets, memoranda, and other documents that evidence or relate to meetings or other communications between Plaintiff and any employee, agent, or representative of Mosaic relating to the Property.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

54. All documents that (a) concern the Property, and (b) refer or relate to Mosaic, which have not been produced in response to any of the preceding paragraphs of this Request for Production of Documents.

**RESPONSE** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

55. All documents that evidence or otherwise relate to each element and item of damage that Plaintiff referred to in its demand letter to Mosaic dated February 21, 2014, alleged in the Complaint, or otherwise seeks to recover in this action, including, without limitation, estimates, photographs, videos, drawings, appraisals, reports, memoranda, contracts, agreements, purchase orders, notices to proceed, invoices, statements, cancelled checks, credit card receipts and statements, bank statements, and financial statements.

**RESPONSE:** Plaintiff will produce any responsive documents in its possession, custody or control, if any, at a mutually convenient time and place.

/s/ Raul Valles
Robert L. Rocke, Esq. (FBN 710342)
Email: rrocke@rmslegal.com
Jonathan B. Sbar, Esq. (FBN 131016)
Email: jsbar@rmslegal.com
Raul Valles, Esq. (FBN 148105)
Email: rvalles@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL 33629
Phone: 813-769-5600
Fax:    813-769-5601
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail using the Court's CM/ECF system on the 8th day of December, 2016, to:

David B. Weinstein, Esq. (FBN 604410)
Jonathan S. Tannen, Esq. (FBN 70842)
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, FL 33602
Phone: 813-318-5700
Fax:    813-318-5900
Primary email:   weinsteind@gtlaw.com
Primary email:   tannenj@gtlaw.com
Secondary email: dunnla@gtlaw.com; FLService@gtlaw.com
Attorneys for Defendant, Mosaic Fertilizer, LLC

I. William Spivey, II, Esq. (FBN 0701076)
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Phone: 407-420-1000
Fax:    407-420-5909
Primary email: spiveyw@gtlaw.com
Attorneys for Defendant, Mosaic Fertilizer, LLC

/s/ Raul Valles
Attorney